UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUDITH MARCIA WILLIAMS,

    Plaintiff,

v.                                                Case No. 4:22-cv-455-MW-MJF

BIOLIFE PLASMA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff complains that she was promised $850 for her plasma but was paid only $120. The District Court obviously lacks subject-matter jurisdiction over such a claim. Furthermore, on a pre-printed complaint form, Plaintiff checked boxes to indicate that she is asserting claims pursuant to both 42 U.S.C. § 1983 and *Bivens*, but Plaintiff does not allege any facts that would support such claims. The District Court, therefore, should dismiss this action because (1) it lacks subject-matter jurisdiction, and (2) even if the Court enjoyed jurisdiction, Plaintiff fails to state a section 1983 or *Bivens* claim upon which relief can be granted.

### I. BACKGROUND

**A.**     **Plaintiff's First Two Complaints**

Plaintiff, proceeding *pro se*, commenced this civil action by simultaneously filing two complaints. Docs. 1, 2. Although Plaintiff is not a prisoner, Plaintiff

utilized Northern District of Florida complaint forms approved for *prisoners*. Doc. 1 at 4; Doc. 2 at 4. Nevertheless, Plaintiff checked boxes to indicate that her claim arises under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1 at 4; Doc. 2 at 4. Plaintiff named one defendant: BioLife Plasma ("BioLife"), a private corporation.

Plaintiff did not allege that BioLife violated her rights under the Constitution, laws, or treaties of the United States. Doc. 1 at 7; Doc. 2 at 6. Instead, Plaintiff alleged the breach of an oral contract: BioLife promised to pay Plaintiff $850 for plasma donations, but BioLife allowed Plaintiff to donate her plasma only twice and paid her only $120. Doc. 1 at 5; Doc. 2 at 5. Plaintiff requested "1/2 million dollars-for discrimination and the 740.00 they were suppose [sic] to give me." Doc. 1 at 7; Doc. 2 at 6 (requesting $150,000 to $190,000).

B.       **The Undersigned's Order to Plead Facts in Support of Jurisdiction**

Because Plaintiff's initial complaints did not sufficiently allege a plausible claim for relief and did not establish that the District Court had subject-matter jurisdiction, on January 9, 2023, the undersigned ordered Plaintiff to amend her complaint. Doc. 7. The undersigned informed Plaintiff:

- of the difference between and the parameters of federal-question and diversity-of-citizenship jurisdiction;

- of the facts Plaintiff needed to allege to establish that the District Court enjoyed subject-matter jurisdiction;

- that Plaintiff failed to state a claim under section 1983 and *Bivens*; and

- that private businesses usually are not state actors subject to suit under section 1983 and *Bivens*.

The undersigned provided Plaintiff until January 31, 2023, to file an amended complaint that remedied the many defects in her first two complaints. *Id.* at 12.

### C.  Plaintiff's Third Complaint

On January 27, 2023, Plaintiff submitted her "second amended complaint"—which actually is the third complaint she filed. Doc. 8. Plaintiff did not provide important information requested by the complaint form. Specifically, Plaintiff did not identify her claim(s). *Id.* at 6. She also did not allege facts to support her claim(s). *Id.* at 4–5.

### D.  Plaintiff's Fourth Complaint

On February 8, 2023, without seeking leave to amend her complaint, Plaintiff filed her "third amended complaint." Doc. 9. In that "third amended complaint," Plaintiff does not name BioLife as a defendant. Rather, she sues "Alex," who is the manager for the Tallahassee location of BioLife. On a pre-printed complaint form, Plaintiff checked the relevant boxes to indicate that she is bring this action pursuant to section 1983 and *Bivens*. *Id.* at 4. Plaintiff sues "Alex" in his individual and official capacities. *Id.* at 3. Despite the undersigned's instructions to plead jurisdictional facts, Plaintiff failed to do so.

In her "third amended complaint," Plaintiff alleges:

> I went into Bio-Life Plasma several times to give plasma at least 5x they waisted at least 3 ½ hour each time and then send me home, without me giving plasma. After the 5th time they sent me a letter stating I was not welcome to take plasma and I wasn't welcome to come back. Plus I also feel that my identity was stolen in some way shape or form. I don't have any prove but I suspect. I also ask the manager Alex for his full name and he refused to give it to me. I called Alex and spoke to him for 15-20 minutes and ask him 7-times for his full or last name, because I was filing a complaint against Bio-Life and he refused to give me his full or last name, and hang up the phone on me.

*Id.* at 5–6 (spelling and grammatical errors in original). Plaintiff seeks $500,000 to $850,000 in compensatory damages.

### E. Order to Provide Additional Information Regarding Jurisdiction

Because Plaintiff fails to allege the State of which she is a resident and the State of which "Alex" is a resident, on February 10, 2023, the undersigned ordered Plaintiff to provide this information. Doc. 10. On February 24, 2023, Plaintiff filed a notice stating that she is a resident of Florida and that she believes Alex also is a resident of Florida. Doc. 14.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Mehmood v. Guerrra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[D]istrict courts

have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.").

Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

**A.   Lack of Subject-Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by Congress or the Constitution. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The validity of a federal court's order depends upon that court having subject-matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Absent a grant of subject-matter

jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975). As a result, "federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 863 F.3d 1302, 1311 (11th Cir. 2020).

    1.    ***Federal-Question Jurisdiction***

In bestowing general federal-question jurisdiction on federal courts, Congress authorized district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether it enjoys federal-question jurisdiction over an action, a federal court first must look at the subject matter of the "well-pleaded complaint." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). In doing so, courts look to the substance, not merely the labels, of the plaintiff's claims as contained in his complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932). Federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Courts may dismiss a purported federal-question claim for lack of jurisdiction when a claim appears to be insubstantial. *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1247, 1352 (11th Cir. 1998).

Here, Plaintiff checked boxes on a complaint form to indicate that this civil action is brought pursuant to section 1983 and *Bivens*. Plaintiff, however, does not plead any facts which indicate that she is attempting to state a claim pursuant to section 1983 or *Bivens*. Despite being afforded an opportunity to amend her complaint, Plaintiff's vague and conclusory allegations do not allege a federal question sufficient to invoke the District Court's jurisdiction. Rather, Plaintiff asserts personal grievances or, at best, the breach of an oral promise. These do not entail federal questions over which the District Court enjoys subject-matter jurisdiction.

### 2. *Diversity-of-Citizenship Jurisdiction*

Federal courts enjoy diversity-of-citizenship jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In order to have complete diversity, every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

#### (a). **Plaintiff Does Not Allege Diversity of Citizenship**

Here, Plaintiff fails to allege facts indicating that there is complete diversity of citizenship. Plaintiff asserts that she is a citizen of Florida. Doc. 14. She is suing "Alex," who is employed at BioLife's Tallahassee location. Plaintiff believes that

Alex also is a citizen of Florida.[1] *Id.* As such, the parties are not completely diverse and the District Court is not authorized to exercise diversity-of-citizenship jurisdiction over Plaintiff's claim. For this reason, the District Court should dismiss this action for lack of subject-matter jurisdiction.

### (b).   The Amount in Controversy Does Not Exceed $75,000

Plaintiff also fails to allege that the amount in controversy exceeds $75,000. A plaintiff bears the burden of to plead facts sufficient to establish that the district court had jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938). In her first two complaints, which Plaintiff filed simultaneously, Plaintiff alleged that BioLife promised to pay Plaintiff $850 for plasma "donations," but the company allowed Plaintiff to "donate" her plasma only twice and paid her only $120.[2] Doc. 1 at 5; Doc. 2 at 5. Thus, it appears that the amount in controversy is, at best, $730. Even multiplied by 100, this amount still does not exceed $75,000.

True, Plaintiff requests an award of $500,000 to $850,000. Doc. 9 at 6. A district court legitimately may exercise some skepticism when a plaintiff asserts entitlement to an obviously inflated amount. *St. Paul Mercury Indem. Co.*, 303 U.S.

---

[1] As noted above, in Plaintiff's "third amended complaint," Plaintiff does not name BioLife as a defendant. She also does not allege the State in which BioLife is incorporated or the State in which BioLife has its principal place of business.

[2] Plaintiff does not repeat these allegations in her "third amended complaint." Rather, in her "third amended complaint," Plaintiff completely neglects to allege facts from which any amount in controversy might reasonably be calculated.

at 288–89. A district court is not required to accept a plaintiff's conclusory assertion regarding the amount she desires to recover when it is obvious that the requested amount lacks a basis in law or fact. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). Because Plaintiff fails to carry her burden of alleging facts which indicate that the amount in controversy exceeds $75,000, for this reason too, the District Court should dismiss this action for lack of subject-matter jurisdiction.

**B.     Plaintiff Failed to State a Section 1983 or *Bivens* Claim**

Even if the District Court enjoyed subject-matter jurisdiction, Plaintiff fails to state a § 1983 or *Biven* claim upon which relief can be granted.[3]

To state a claim under section 1983, a plaintiff initially must allege two elements: (1) a person, acting under the color of state law, (2) deprived the plaintiff of a right protected under the Constitution or law of the United States. *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986).

To state a claim under *Bivens* a plaintiff likewise must allege two elements: (1) a person, acting under the color of federal law, (2) deprived the plaintiff of a right protected under the Constitution or law of the United States. *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).

---

[3] Because the District Court clearly lacks diversity-of-citizenship jurisdiction over any breach-of-contract claim, the undersigned expresses no opinion as to whether Plaintiff has stated a breach-of-contract claim under Florida law.

### (a). <u>Failure to Allege Action Under Color of Law</u>

Plaintiff does not allege that Alex or BioLife acted under color of state law or federal law. "The Supreme Court has defined 'acting under color of law' as acting with power possessed by virtue of the defendant's employment with the state." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995). Generally, private parties are not liable under section 1983 because "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). In fact, it is "[o]nly in rare circumstances" that a private party can "be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). As the Eleventh Circuit has explained,

> Supreme Court precedent has solidified three situations where private entities can be considered state actors:
>
> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

*Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021). The essential inquiry is "whether there is a sufficiently close nexus between the State and the challenged

action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974).

Here, Plaintiff alleges at best that Alex and BioLife did not allow Plaintiff to donate plasma, in breach of an oral promise. Plaintiff does not allege that Alex and BioLife were government entities or employees, were acting in concert with or at the behest of government personnel or entities, or were performing a public function that was traditionally the exclusive prerogative of the state or federal government. Plaintiff utterly fails to allege that any state action occurred. For this reason alone, the District Court should dismiss this action for failure to state a claim upon which relief can be granted.

### (b).   Failure to Allege Deprivation of a Federal Right

Plaintiff also fails to allege that Alex or BioLife deprived Plaintiff of a federal constitutional or statutory right. Doc. 9 at 6. The undersigned also cannot discern any constitutional or statutory right of which Plaintiff was deprived. Because Plaintiff fails to allege the deprivation of a constitutional or statutory right, for this reason, too, she fails to state a section 1983 or *Bivens* claim upon which relief can be granted.

### IV.   CONCLUSION

Because the District Court lacks subject-matter jurisdiction—and even if it enjoyed subject-matter jurisdiction, Plaintiff fails to state a claim upon which relief

can be granted—the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 27th day of February, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties are also advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**